**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------  x

MARIA JOHANNA RIOS SANCHEZ,          :    Civil Action No. 18-2215
individually and on behalf of others           :
similarly situated,                                      :
                                                              :
              Plaintiff,          :    **FLSA COLLECTIVE ACTION and**
 - against -                                          :    **RULE 23 CLASS ACTION**
                                                              :    **COMPLAINT**
AA STAR WIRELESS CORP..; ADNAN     :
ABUZAHRIEH; and MALEK A               :
ABUZAHRIEH,                                        :    **Jury Trial Demanded**
                                                              :
           Defendants          :
---------------------------------------------------  :
                                                              :
                                                              x

       Plaintiff Maria Johanna Rios Sanchez ("Plaintiff" or "Sanchez"), on behalf of herself and

other similarly situated employees, as class representative, by and through her attorney,

Mohammed Gangat, Esq., files this Complaint against Defendants AA Star Wireless Corp.;

Adnan Abuzahrieh; and Malek A Abuzahrieh, and alleges upon personal knowledge as to herself

and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

       1.     Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29

U.S.C. §§ 201, et seq. ("FLSA"), she and a proposed class of others similarly situated are entitled

to recover from the Defendants: (1) unpaid minimum wage and overtime compensation, (2)

liquidated damages on those amounts, (3) prejudgment and post-judgment interest; and (4)

attorneys' fees and costs.

       2.     Plaintiff further alleges that, pursuant to the New York Labor Law "NYLL", she

and a proposed class of others similarly situated are entitled to recover from the Defendants: (1)

unpaid minimum wage and overtime compensation; (2) unpaid "spread of hours: premium for

each day they worked in excess of ten (10) hours; (3) damages for failure to give required notices and wage statements; (4) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs

3.      In addition to seeking recovery for the Plaintiff, this lawsuit also seeks to recover minimum wage, overtime compensation, spread-of-hours pay, and statutory penalties for similarly situated employees.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because at least one defendants resides in the district and the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

6.      Plaintiff is a resident of Queens, New York.

7.      AA Star Wireless, Corp. (the "Corporate Defendant") is a domestic corporation organized under the laws of the State of New York, operating stores branded as "Metro PCS stores" with principal places of business at 165 Avenue C, New York, NY 1009; 64 4th Avenue, Brooklyn, NY 11217; 907A Church Avenue, Brooklyn, NY 11218 and 2048 Victory Blvd., Staten Island, NY 10314.

8.      Adnan Abuzahrieh and Malek A Abuzahrieh (the "Individual Defendants")  are the

co-owners, shareholders, directors, supervisors, managing agents, and/or proprietors, of the Corporate Defendant, and the Individual Defendants actively participate in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law§ 2 and the Regulations thereunder, and are jointly and severally liable with the Corporate Defendant.

9.      Defendants' Metro PCS stores are located throughout New York City, specifically the boroughs of Manhattan, Brooklyn, and Staten Island.

10.     Upon information and belief, all of Defendants' locations share common management and are centrally controlled and/or owned by the Individual Defendants.

11.     Upon information and belief, the Individual Defendants have had control over and the power to change compensation practices for all employees at all of their locations.

12.     Upon information and belief, the Individual Defendants have had the power to determine employee policies for employees at all of their locations, including, but not limited to, time-keeping, payroll policies, and policies governing the allocation of tips and/or gratuities.

13.     Upon information and belief, at all times relevant to the allegations in this Complaint, the Defendants are and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA in that Defendants (i) have and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and had an annual gross volume of sales of not less than $500,000.

14.     Defendants throughout the relevant time period continuously employed Maria Johanna Rios Sanchez to work as a non-exempt employee.

15.     The work performed by Plaintiff was directly essential to the businesses operated by Defendants.

16.     Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned wages for each hour of employment in direct contravention of the FLSA and New York Labor Law's minimum wage requirements.

17.     Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

18.     Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

19.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

20.     In or about January 2015 Defendants hired Plaintiff to work as a non-exempt employee at one of their stores branded as a Metro PCS store.

21.     Plaintiff at all relevant times was a covered employee within the meaning of the FLSA and NYLL.

22.     Defendants employed Plaintiff continuously from her hiring through in or about March 2017.

23.     After working for two weeks, Plaintiff asked for wages.

24.     Defendants responded that Plaintiff was still in training and not yet an employee. Defendants added to that response that from this point on, Plaintiff was an employee.

25.     After working two more weeks, for a total of four by then, Plaintiff again asked for wages.

26.    Defendants again responded that Plaintiff was still in training and not yet an employee.

27.    Plaintiff said she would quit if she was not paid and finally Defendants paid wages.

28.    Upon being hired Defendants instructed Plaintiff to work and Plaintiff did in fact work a regular schedule consisting of five or six days a week.

29.    Plaintiff was regularly scheduled to work from 10am – 8pm.

30.    Plaintiff routinely began her schedule at as early as 9:45am and ended as late as 8:30pm.

31.    There were occasions when Plaintiff was required to stay as late as 10pm.

32.    Plaintiff was always paid the minimum wage, but Defendants never compensated Plaintiff for her overtime or for spread of hours pay, despite repeated and routine workweeks exceeding 40 hours and workday in excess of 10 hours.

33.    Defendants altered time records to display fewer hours than Plaintiff actually worked.

34.    Defendants utilized a digital software time tracking software to track employee time.  The software automatically logged employees out at 8pm despite the fact that employees routinely were required to works past 8pm.  This time was never accounted for and never paid for.

35.    Defendants did not pay Plaintiff the proper minimum wage, overtime wage, and spread-of-hours pay for all of the time that she was suffered or permitted to work each workweek at their Metro PCS stores.

36.    Defendants additionally promised to pay Plaintiff commissions.  Plaintiff earned

the commissions pursuant to the terms agreed to with defendants. Defendants refused to pay an estimated two-thousand dollars ($2,000) in commissions throughout her employment.

37.     Defendants suffered or permitted Plaintiff to work over 40 hours per workweek.

38.     Plaintiff often worked in excess of ten hours per day but was never provided additional compensation for it.

39.     Plaintiff was often forced to work without being given a break during the workday.

40.     At no point did Defendants inform Plaintiff of the minimum wage or overtime provisions of the FLSA or the NYLL.

41.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the federal or New York State minimum wage, the FLSA overtime rate (of time and one-half), and the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

42.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premium for each day that they work a shift in excess of ten (10) hours.  Defendants' actions are, in this regard, a direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

43.     Defendants did not furnish Plaintiff with an accurate statement with every payment of wages, listing gross wages, deductions and net wages as required by New York Labor Law § 195.

44.     Defendants failed to display, in a place accessible to employees and in a visually

- 6 -

conspicuous manner, the notices of employee rights to receive the minimum wage and overtime

pay at a rate of one and one-half times their regular rate as required under the New York Labor

Law.

45.    Defendants failed to display, in a place accessible to employees and in a visually

conspicuous manner a copy of New York Labor Law § 193 regarding the prohibition on illegal

deductions from wages.

## COLLECTIVE ACTION ALLEGATIONS

46.    Plaintiff brings this action individually and as class representative on behalf of the

"Proposed FLSA Collective" defined as:

> all other current and former non-exempt employees who have been or
> were employed by Defendants at one of their Metro PCS locations as
> hourly workers in the three years preceding the date of the filing of this
> action.

47.    Upon information and belief, the total number of members of the proposed

collective action class is so numerous that joinder of all members is impracticable. Although the

precise number of such persons is unknown, and the facts upon which the calculation of that

number are presently within the sole control of the Defendants, upon information and belief,

there are more than fifty (50) Collective Action Members who worked for the Defendants during

the Collective Action Period, most of whom would not be likely to file individual suits because

they lack adequate financial resources, access to attorneys, or knowledge of their claims.

Therefore, Plaintiff submits that this matter should be certified as a collective action under the

FLSA, 29 U.S.C. § 216(b).

48.    Plaintiff will fairly and adequately protect the interests of the Collective Action

Members and has retained counsel that is experienced and competent in the fields of employment

law and class action litigation.  Plaintiff has no interests that are contrary to or in conflict with

those members of this collective action.

49.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

50.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

51.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

      a.  Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

      b.  Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Collective Action Members;

      c.  What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.   Whether the Defendants' violations of the FLSA are willful as that term is used

within the context of the FLSA; and,

e.   Whether the Defendants are liable for all damages claimed hereunder, including

but not limited to compensatory, liquidated and statutory damages, interest,

attorneys' fees, and costs and disbursements.

f.   Whether the Defendants failed to pay Plaintiff and the Collective Action

Members minimum wages for all hours worked;

g.   Whether the Defendants failed to pay Plaintiff and the Collective Action

Members for hours worked in excess of 40 hours per workweek; and

h.   Whether the Defendants failed to compensate Plaintiff and the Collective Action

Members for commissions earned.

52.     Plaintiff knows of no difficulty that will be encountered in the management of this

litigation that would preclude its maintenance as a collective action.

53.     Plaintiff and others similarly situated have been substantially damaged by the

Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

54.     Plaintiff sues on her own behalf and on behalf of a class of persons under Rules

23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

55.     In addition to bringing this action as a proposed collective action to remedy

violations of the FLSA, Plaintiff also brings this action on behalf of a "Proposed Rule 23 Class",

under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of:

all other current and former non-exempt employees who have been or
were employed by Defendants at one of their Metro PCS locations in New
York as hourly service workers in the six year period preceding the filing
of this action.

56.     Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Proposed Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

57.     The claims of Plaintiff are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

58.     The Defendants have acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

59.     Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

60.     Plaintiff will fairly and adequately protect the interests of the Proposed Class. Plaintiff understands that, as a class representative, she assumes a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that she must consider their interests just as she would represent and consider her own interests, and that she may not favor her own interests over theirs.

61.     Plaintiff recognizes that any resolution of a Rule 23 class action lawsuit, including

any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiff understands that in order to provide adequate representation, she must remain informed of litigation developments and she understands that she may be called upon to testify in depositions and at trial.

62. Plaintiff has the same interests in this matter as all other members of the Proposed Class and Plaintiff's claims are typical of the Proposed Class.

63. There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class, including but not limited to:

    a. Whether the Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

    b. Whether the Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Class members;

    c. What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d. Whether the Defendants failed to pay the Plaintiff and the Class members the applicable minimum wage for all straight time hours worked and the required overtime compensation for all hoursworked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

    e. Whether the Defendants failed to pay the Plaintiff and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated

thereunder;

f.    Whether the Defendants failed to compensate Plaintiff and the Class Members for commissions earned;

g.    Whether the Defendants' violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

h.    Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I: FLSA – Minimum Wage and Overtime
*Brought on behalf of Plaintiff and the Proposed FLSA Collective*

64.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "63" of this Complaint as if fully set forth herein.

65.    Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

66.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Proposed FLSA Collective members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

67.    At all relevant times, Defendants employed Plaintiff and the Proposed FLSA Collective members within the meaning of the FLSA.

68.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

69.     Plaintiff and the Proposed FLSA Collective members were entitled to be paid at the applicable federal minimum wage for all straight time hours worked.

70.     Plaintiff and the Proposed FLSA Collective members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

71.     Defendants failed to pay Plaintiff and the Proposed FLSA Collective members minimum wage or overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

72.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay minimum wage.

73.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Proposed FLSA Collective members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 207(a)(l) and 215(a).

74.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Proposed FLSA Collective members at the minimum wage and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wage and overtime compensation would financially injure Plaintiff and the Proposed FLSA Collective members.

75.     As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Proposed FLSA Collective members,

76.    Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21 l(c) and 215(a).

77.    Defendants failed to properly disclose or apprise Plaintiff and the Proposed FLSA Collective members of their rights under the FLSA.

78.    As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Proposed FLSA Collective members are entitled to liquidated damages pursuant to the FLSA.

79.    Due to the reckless, willful and unlawful acts of the Defendants, Plaintiff and the Proposed FLSA Collective members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

80.    Plaintiff and the Proposed FLSA Collective members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

### COUNT II:  NYLL – Minimum Wage, Overtime, Spread-of-Hours Pay
### *Brough on behalf of Plaintiff and the Proposed Rule 23 Class*

81.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "80" of this Complaint as if fully set forth herein.

82.    Defendants employed Plaintiff and the Rule 23 Proposed Class members within the meaning of New York Labor Law §§ 2 and 651.

83.    Defendants knowingly and willfully violated the rights of Plaintiff and the Rule 23 Proposed Class members by failing to pay Plaintiff and the Rule 23 Proposed Class members the applicable minimum wage for all straight time hours worked and required overtime

- 14 -

compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

84.    Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

85.    Defendants knowingly and willfully violated the rights of Plaintiff and the Rule 23 Proposed Class members by failing to pay "spread of hours" premium to Plaintiff and the Rule 23 Proposed Class members for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

86.    Defendants failed to properly disclose or apprise Plaintiff and the Rule 23 Proposed Class members of their rights under the New York Labor Law.

87.    Defendants failed to furnish Plaintiff and the Rule 23 Proposed Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations  § 146-2.3.

88.    Defendants failed to keep true and accurate records of hours worked by each employee covered by  an  hourly  minimum  wage  rate,  the  wages  paid  to  all  employees, and other similar information in  contravention  of  New  York  Labor  Law  § 661.

89.    Defendants failed to establish, maintain, and preserve for not less than six(6) years payroll  records showing  the hours  worked,  gross wages, deductions, and netwages for each employee, in contravention of the New  York  Labor Law§  194(4),  and New  York State Department  of Labor Regulations§ 146-2.1.

90.    At the time of their hiring, Defendants failed to notify Plaintiff and the Rule 23 Proposed Class members of their rates of pay and their regularly designated  payday,  in contravention  of New York Labor Law § 195(1).

91.    Due to the Defendants' New York Labor Law violations, Plaintiff and the Rule 23 Proposed Class members are entitled to recover from Defendants the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for minimum wage for all straight time hours, overtime compensation for all overtime hours, "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York  Labor Law§§  663(1),  198.

92.    Plaintiff and the Rule 23 Proposed Class members are also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

### COUNT III: NYLL - Annual Wage Notice and Periodic Wage Statements
#### *Brought on behalf of Plaintiff and the Proposed Rule 23 Class*

93.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "82" of this Complaint as if fully set forth herein.

94.    Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1 ), in English or in the language identified by Plaintiff and the members of the Rule 23 Class as their primary language, containing Plaintiff and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or

principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

95.    Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

96.    Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

97.    Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

98.    Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

99.    Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and

the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, MARIA JOHANNA RIOS SANCHEZ , on behalf of herself and all similarly situated Collective Action Members and Class  members, respectfully  requests  that this Court  grant the following relief:

 i.   That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as hourly service workers at one of their Metro PCS stores, and of their right to join this lawsuit if they belief they were denied proper wages;

 ii.   An award for unpaid minimum wage and unpaid overtime compensation due under the FLSA and New York Labor Law;

 iii.   An award of unpaid "spread of hours" premium due under the New York Labor Law;

 iv.   An award of liquidated damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

 v.   An award of liquidated damages as a result of Defendants' failure to pay minimum wage compensation, overtime compensation and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

vi.    An award of civil penalties pursuant to the New York Wage Theft Prevention Act;

vii.    Compensatory and liquidated damages as a result of Defendants' failure to provide compensation for commissions earned pursuant to the New York Labor Law;

viii.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

ix.    Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

x.    An injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL

xi.    An award of prejudgment and post-judgment interest;

xii.    An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL; and

xiii.    Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       April 12, 2018

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____

Mohammed Gangat, Esq.
675 3rd Avenue
Suite 1810
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff and the FLSA Proposed Collective and Rule 23 Proposed Class*

- 19 -