# LAW OFFICE OF MOHAMMED GANGAT

(718) 669-0714 ✦ 675 3rd Ave, Ste 1810, NY, NY 10017 ✦ mgangat@gangatpllc.com

January 31, 2019

<u>VIA ECF</u>
Hon. Steven L. Tiscione, U.S.M.J
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      RE:    <u>*Sanchez v. AA Star Wireless Corp. et al.*, No. 18-cv-02215-PKC-ST</u>

To the Honorable Judge Tiscione:

    I am counsel for plaintiff Maria Johanna Rios Sanchez ("Plaintiff") in the above-referenced action (the "Action") and submit this letter jointly with counsel for defendants AA Star Wireless Corp; Malek Abuzahrieh and Adnan Abuzahrieh ("Defendants") seeking the Court's approval of the settlement in this action, as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). Defendants have reviewed and approved this letter.

    This action arises under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for unpaid overtime and other amounts due Plaintiff as a result of the Defendants' alleged violations of these wage-and-hour laws, including failure to pay overtime, failure to pay spread of hours (i.e., an additional hour of pay for each workday worked in excess of ten hours per day), and failure to provide wage notices and accurate wage statements.

    Plaintiff's initial disclosures, which were served on all defendants, calculated that Plaintiff was owed more than $13,000 in unpaid overtime. Plaintiff's initial disclosures also asserted Plaintiff was seeking liquidated damages in the amount of $13,000, and $5,000 in statutory penalties for wage notice and wage statement violations, plus prejudgment interest, attorneys' fees and costs.

    A bona fide dispute arose when Defendants appeared in this action and disputed the number of hours Plaintiff claimed she worked and the actual amounts Plaintiff had been paid. Defendants also raised legal arguments concerning whether the notice and statements they provided were sufficient. Defendants provided documents in support of their position, including payroll records.

    After extensive negotiations between the parties and an initial conference and several follow-up status conferences with Your Honor, the parties arrived at a compromise figure of $12,500 to resolve all claims, including attorney's fees and costs and negotiated a written agreement to resolve this Action (the "Agreement") that is being submitted to Your Honor for approval. (A copy of the Agreement is attached hereto as Exhibit A.)

    Pursuant to the Agreement, the $12,500 will be divided and characterized as follows: $8,337.50 to Plaintiff and $4,162.50 to Plaintiff's counsel. This is a fair division of the settlement

Hon. Steven L. Tiscione
January 31, 2019
Page 2 of 2

payment representing what is commonly accepted by Courts in the Second Circuit, a 33 1/3% recovery in a contingency fee case.

In all, the Agreement is in line with the mandate from *Cheeks*. Keeping in line with the trend in this Circuit following *Cheeks*, the Agreement contains a limited release, which applies only to claims arising for wages or other compensation arising from Plaintiffs' employment with the Defendants. There is no confidentiality provision; only a non-disparagement provision where the parties agree not to disparage one another and agree to not say or do anything that would harm the reputation of the other. Importantly, the non-disparagement provisions includes language expressly stating that the parties retain the right to discuss matters related to this legal action with whomever they choose so long as the parties' statements are truthful. Most importantly, and unlike the settlement agreement at issue in *Cheeks*, the Agreement is available to Your Honor to explore and to assess whether it was likely the fair result of a balanced negotiation, in which Plaintiffs were represented by able counsel and participated in a mediation conducted by the assigned Magistrate Judge.

This settlement is fair when comparing the potential recovery at trial to the settlement amount. It is also fair when considering Plaintiff is retaining two-thirds of the settlement proceeds. Moreover, this is not a case where a settlement came about because of "overreaching" by any party. To the contrary, the settlement was the result of vigorous arm's-length negotiations occurring over many months, involving Plaintiff represented by counsel, the exchange of documentary evidence and assistance from Your Honor. Settlement at this stage of the case for this amount constitutes the most efficient and effective conclusion to this litigation for all parties.

The parties believe that the settlement is completely fair, reasonable, and adequate to the Plaintiff and respectfully request that the Court approve the Agreement and permit the parties to submit the Stipulation of Voluntary Dismissal With Prejudice to the Court for So Ordering and filing with the Clerk of the Court.

We appreciate Your Honor's attention to this matter.

Respectfully Submitted,

*/s/ Mohammed Gangat*
Mohammed Gangat

cc: Defendant Malek Abuzahrieh (via US mail at address of record)
    Defendant Adnan Abuzahrieh (via US mail at address of record)